## WILLIAM NIXON v. SAMUEL RUPLE.

1. All parties are bound to take notice of the day appointed by law for the meeting of the commissioners of appeal in cases of taxation; but if the commissioners meet at any other time than that appointed by law such meeting must be upon notice, and must also be at the place of holding the town meeting, in order to obtain jurisdiction of the person of the assessor; and they cannot, therefore, without such notice alter his assessment.

2. The tribunal of the commissioners of appeal is a special tribunal, and it is well settled that such tribunals should show upon the face of their record all facts necessary to give jurisdiction.

On *certiorari* to Hunterdon Pleas.

Argued at February term, 1862, before Justices OGDEN, VREDENBURGH, and BROWN.

For plaintiff, *G. A. Allen* and *B. Van Syckel.*

For defendant, *John N. Voorhees* and *Van Fleet.*

The opinion of the court was delivered by

VREDENBURGH, J. This was an action of trespass, brought in the court for the trial of small causes by Ruple against Nixon, for taking, on the 21st March, 1859, twenty-one chestnut posts. Judgment was rendered for Ruple, which was afterwards affirmed by the pleas on appeal, whereupon this *certiorari* was brought.

The plaintiff below proved, on the trial, that the defendant did take the posts.

The defendant, Nixon, thereupon proved that he was a constable, and took and sold the posts by virtue of a tax warrant. The plaintiff replied by proof that the commissioners of appeal had remitted the tax, and that he showed the constable the transcript before the sale.

The first reason urged for reversal is, that the commissioners of appeal had no jurisdiction of the matter. It appears, by

the case, that the tax in question was a dog tax for 1858. The act of April 16th, 1846, (§ 16, *Nix. Dig.* 14,)* provides that every person who shall keep a dog shall be taxed fifty cents, and for every additional dog one dollar, provided that the inhabitants of every township may, at the town meetings, lay an additional tax on each dog not exceeding five dollars. It appears, by the case, that on the 4th January, 1859, the commissioners of appeal in cases of taxation, on an appeal to them, adjudged that the sum of $3.13 was illegally assessed against Ruple, remitted the same and gave a transcript for the same ; and it further appears, by the case, that before the constable sold under the tax warrant, Ruple showed him this transcript, and either paid or tendered him all the tax due, except the $3.13; and that the property in question was thereafter sold to raise this $3.13.   The plaintiff in *certiorari* contends that, under this state of facts, the commissioners of appeal had no jurisdiction of the matter.   He avers that this $3.13 was raised by a vote of the township, at their annual town meeting, they having voted to make the dog tax under the statute $3, instead of 50 cents, and that the commissioners of appeal had no jurisdiction thus to review and reverse the vote of the inhabitants at a town meeting.   However correct this proposition may be, and upon which I do not express any opinion, I can find nothing in the case to prove that this three dollars was raised by any such vote, or that any such tax was raised by the town meeting.   No such proof appearing, we are to presume that it was assessed without any such vote.   In such case the commissioners of appeal clearly have jurisdiction.

The next objection raised to the judgment of the commissioners of appeal is, that it does not appear upon the face of their transcript that they gave any notice of their meeting on the 4th of January, 1859.   *Nix. Dig.* 800, § 47,† provides that the commissioners of appeal shall, for the purpose of discharging the duties of their office, convene at the usual place of holding town meetings at such times as they shall

---

*Rev., p. 15, § 6.   †Rev., p. 1148, § 46.

.appoint, giving eight days' notice, in writing, at six of the most public places in the township.

The question is, whether, in this collateral proceeding, we can treat the action of the commissioners as a nullity.

Whether the notice of their meeting is a jurisdictional fact, and should appear upon the face of their proceedings.

If the question was before us directly, it would probably be set aside; but the questions are here collaterally.

The commissioners of appeal act judicially. They try, determine, and adjudge. They had jurisdiction of the subject matter. Had they jurisdiction of the persons of the parties? They had certainly of Ruple. Had they of the other party? By express statute it is made the duty of the assessor, under the penalty of ninety dollars, to be present at such meeting to defend his assessment. The proceeding, therefore, on appeal before the commissioners of appeal is in the nature of a suit wherein the party appealing is plaintiff and the assessor is defendant.

Now, can the commissioners of appeal get jurisdiction of the person of the assessor by meeting at any place and at any time without giving him notice, and alter his assessment? I think not, any more than a justice of the peace, without a summons, can give judgment against a defendant. The law prescribes the mode of proceeding of the commissioners. There is one day appointed by law, the 4th Tuesday in November, of which all parties are bound to take notice. If they meet at any other time, it must be upon notice, and the place of meeting must be that of the place of holding the town meeting.

Here it does not appear that the commissioners met, either at the right place, or gave any notice of the time of meeting. The only remaining question is, is it necessary that it should appear upon their transcript. The tribunal of the commissioners of appeal is a special tribunal, and it is well settled that all such tribunals should show all jurisdictional facts upon the face of their record. *Carron* v. *Martin*, 2 *Dutcher* 600.

It follows that the transcript shown the constable showed no remitting of the tax, the tax warrant remaining in full force, and that, consequently, the judgment of the pleas must be reversed.

Judgment reversed.

CITED in *State, Vail's Ex'rs, pros.,* v. *Runyon,* 12 *Vroom* 103.